UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Amgad S. Mikhail,

    Plaintiff,

v.

The Procter & Gamble Company,

    Defendant.

Case Nos. 2:22-md-3025; 2:22-cv-2703

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Pursuant to the Court's order granting final approval of a class action settlement, ECF No. 65, the Clerk closed Plaintiff's member case in this multidistrict litigation. Plaintiff now moves the Court to transfer his case back to the United States District Court for the Eastern District of New York, under 28 U.S.C. § 1404, asserting that he validly opted out of the settlement and wishes to pursue his claim in the Eastern District of New York. ECF No. 67. Defendant opposes Plaintiff's motion, ECF No. 68, and Plaintiff filed an untimely reply in his individual docket, ECF No. 22 (Case No. 2:22-cv-2703).

As an initial matter, Plaintiff has repeatedly failed to demonstrate that he properly opted out of the settlement. In support of his motion, he cites only the transcript from a pre-notice status conference in which his counsel stated that

Plaintiff *intended* to opt out of any settlement.[1] Plaintiff's case is terminated, and because he has failed to demonstrate that it was improperly terminated, there is nothing to transfer.

In the alternative, the Court denies Plaintiff's motion for lack of authority. Specifically, 28 U.S.C. § 1407 states that it is the Judicial Panel on Multidistrict Litigation ("Panel") that "shall remand[]" each previously transferred action "at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]"[2] 28. U.S.C. § 1407. Section 1407 "prohibits an MDL transferee court from directly transferring an action to another district court" under the general transfer statute, 28 U.S.C. § 1404. *Kalama v. Matson Navigation Co., Inc.*, 875 F.3d 297, 308 (6th Cir. 2017); *see also Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 n.4 (1998) ("[W]e find that the statutory language of § 1407 precludes a transferee court from granting any § 1404(a) motion"). Accordingly, Plaintiff's motion to transfer is **DENIED**.

Nonetheless, to the extent the Panel concludes that additional proceedings are necessary in Plaintiff's closed individual case,[3] the Court **SUGGESTS**, under the Rules of Procedure of the United States Judicial Panel on Multidistrict

---

[1] "And but as of right now the position is the plaintiff Amgad Mikhail will not be joining the settlement proposal and the settlement approval as it concerns today's hearing." 9/28/22 Hr'g Tr. 12:5–8, ECF No. 67-7.

[2] Plaintiff's member case was terminated on June 16, 2023.

[3] In his reply brief, Plaintiff contends that, in addition to having opted out, he may pursue claims for personal injury as such claims were not released during the MDL.

Litigation, the Panel remand Plaintiff's closed case back to the United States District Court for the Eastern District of New York to conduct those further proceedings.

The Clerk shall terminate ECF No. 67 in Case No. 2:22-md-3025 and ECF No. 20 in Case No. 2:22-cv-2703 and file a copy of this Opinion and Order with the Panel.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**